UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHELLONNEE B. CHINN,

                Plaintiff,

v.

THE ELMWOOD FRANKLIN SCHOOL, ET AL.,

                Defendants.

Case # 15-CV-938-FPG

DECISION AND ORDER

---

SHELLONNEE B. CHINN,

                Plaintiff,

v.

THE ELMWOOD FRANKLIN SCHOOL, ET AL.,

                Defendants.

Case # 15-CV-964-FPG

DECISION AND ORDER

---

SHELLONNEE B. CHINN,

                Plaintiff,

v.

ANDREW DEYELL, ET AL.,

                Defendants.

Case # 15-CV-1050-FPG

DECISION AND ORDER

SHELLONNEE B. CHINN,

                Plaintiff,

Case # 16-CV-61-FPG

v.

DECISION AND ORDER

ANDREW DEYELL, ET AL.,

                Defendants.

*Pro se* Plaintiff Shellonnee B. Chinn filed four separate actions in this district, all of which allege similar conduct against overlapping Defendants. For ease of reference, the Court will refer to the cases by their docket number throughout this decision. The four cases are:

1) Chinn v. Elmwood Franklin, 15-CV-938-FPG
2) Chinn v. Elmwood Franklin, 15-CV-964-FPG
3) Chinn v. Deyell, 15-CV-1050-FPG
4) Chinn v. Duddy, 16-CV-61-FPG

There are several pending motions in these cases, which the Court addresses in turn.

    I.      <u>Extension of time to serve in 15-CV-938</u>

In case 15-CV-938-FPG, Plaintiff has moved for a 30 day extension of time to serve the remaining Defendants in this case. ECF No. 29. In support, she states that she has had difficulty serving an out of state Defendant, has served approximately 50% of Defendants, and has attempted service on approximately 80% of Defendants. *Id.* For good cause shown, the application is GRANTED. Plaintiff must effect service on any unserved Defendants by October 31, 2017, or they may be dismissed from this case under Fed. R. Civ. P. 4(m).

II. Extension of time to serve in 15-CV-1050

In case 15-CV-1050-FPG, Plaintiff has also moved for a 30 day extension of time to serve the remaining Defendants in this case. ECF No. 17. In support, she cites the same reasons as in her identical motion filed in case 15-CV-938-FPG: that she has had difficulty serving an out of state Defendant, has served approximately 50% of Defendants, and has attempted service on approximately 80% of Defendants. *Id.* For good cause shown, the application is similarly GRANTED. Plaintiff must effect service on any unserved Defendants by October 31, 2017, or they may be dismissed from this case under Fed. R. Civ. P. 4(m).

III. Motion for Default Judgment and Motion to Vacate Default of Andrew Deyell

In case 15-CV-1050-FPG, Plaintiff moved for default judgment against Defendant Andrew Deyell (ECF No. 11), and Defendant Deyell responded by moving to vacate the Clerk's Entry of Default (ECF No. 15).

A Clerk's entry of default may be set aside "for good cause." Fed. R. Civ. P. 55(c). The standard for setting aside the Clerk's entry of default is less rigorous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Under the *Meehan* test, the principal factors to be considered in deciding to relieve a party of a default are: (1) willfulness; (2) prejudice to the adverse party; and (3) the existence of a meritorious defense. *Id.* at 277. The Court notes that the Second Circuit has "a strong preference for resolving disputes on the merits," *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005), and as such, "default judgments are generally disfavored and are reserved for rare

occasions." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 168 (2d Cir. 2004) (quotation marks and citation omitted).

Counsel for Defendant Deyell describes some confusion on behalf of himself and his client, given that Plaintiff filed four similar Complaints, and states that although he answered one of the related Complaints (15-CV-938-FPG), he did not immediately answer the Complaint in this matter (15-CV-1050-FPG). Defendant Deyell recites potentially meritorious defenses in his response, and points out that no prejudice will ensue to Plaintiff, as she is seeking additional time to effect service on all Defendants.

Just as the Court is giving Plaintiff additional time to serve the Complaint, the Court finds that Defendant Deyell is entitled to the same extension. After considering the *Meehan* factors and the strong preference for resolving disputes on the merits, Plaintiff's Motion for Default Judgment (ECF No. 11) is DENIED and the Clerk's Entry of Default (ECF No. 17) is VACATED. Defendant Deyell shall answer or otherwise respond to the Complaint within 21 days of the entry of this Order.

### IV.    Costs of Service in 15-CV-938 and 15-CV-1050

Plaintiff seeks costs for having to serve Defendants after she requested that they waive service under Fed. R. Civ. P. 4(d)(1), and where Defendants declined to so waive.

Under the Rule, Defendants "ha[ve] a duty to avoid unnecessary expenses of serving the summons". Further, under Rule 4(d)(2), if a Defendant fails to waive service after being requested without good cause, the Court must impose on that Defendant "the expenses later incurred in making service."

4

Defendants do not dispute that Plaintiff asked them to waive service and that they declined. Rather, Defendants advance two arguments in opposition of paying costs to Plaintiff. First, they argue that "none of [the Defendants] were served with[in] 120 days of the Complaint being filed." *See* Case No. 15-CV-1050-FPG, ECF No. 50 at 3; Case No. 15-CV-938-FPG, ECF No. 67. While that statement may be true, it is also irrelevant. When Plaintiff filed her Complaints, she also filed motions to proceed *in forma pauperis*. As such, the Clerk of Court cannot issue Summonses until the *in forma pauperis* application has been determined. *See, e.g.*, 28 U.S.C. § 1915(a)(1) (stating that the Court may authorize the commencement of any suit by a person unable to pay the filing fee.) Until the Court has authorized the *in forma pauperis* application, there is nothing to be served. Further, the Courts that have addressed similar situations have generally held that the time period to serve the complaint is tolled until either the court grants the *in forma pauperis* application, or for a reasonable time thereafter if the application is denied, so that the plaintiff may pay the fee. *See, e.g., Williams-Guice v. Board of Educ. of City of Chicago*, 45 F.3d 161 (7th Cir. 1995); *McDowell v. Delaware State Police*, 88 F.3d 188 (3d Cir. 1996).

Here, Plaintiff paid the filing fee in 15-CV-938-FPG and 15-CV-1050-FPG before the Court ruled in her *in forma pauperis* application. Once the filing fee was paid, the *in forma pauperis* applications became moot in those cases, and the Clerk of Court issued Summonses for Defendants. As such, Plaintiff's time to serve Defendants began running upon issuance of the Summonses by the Clerk.

Alternatively, the Court would find that the time period to serve the Complaints in 15-CV-938-FPG and 15-CV-1050-FPG under Rule 4(m) should either be tolled or an extension granted, due to the fact that Plaintiff could not serve the Summonses until they were issued, which did not occur until the fee was paid in each case. To hold otherwise would lead to an absurd result: if a

5

court does not rule on an *in forma pauperis* application quickly enough, the Plaintiff could be left with little time (or no time) to then serve Defendants, and could then be in jeopardy of having his or her complaint dismissed.

The Court does not doubt Defendants belief that they were being served in an untimely fashion, but also believes the better course of action would have been to cooperate and avoid unnecessary costs as required by the rule, and waive service under Rule 4. Then, Defendants could move to dismiss based upon untimely service. Such a sequence of events would avoid unnecessary costs and motion practice regarding service of the Summons and Complaint.

Next, Defendants argue that the costs sought by Plaintiff are unsubstantiated, in that the only documentation is an invoice created by Plaintiff and directed towards Defendants, and in any event, are exorbitant and redundant. On this point, the Court agrees.

Plaintiff seeks the imposition of fees in the following amounts, regarding service of the following Defendants in these two cases:

| 15-CV-938 ECF No. | 15-CV-1050 ECF No. | Defendant | Address on Invoice | 15-CV-938 Amount | 15-CV-1050 Amount |
|---|---|---|---|---|---|
| 37 | 21 | E.F. School | 104 New Amsterdam Ave. | $140 | $140 |
| 38 | 22 | Rich | 104 New Amsterdam Ave. | $80 | $80 |
| 39 | 23 | Siren | 104 New Amsterdam Ave. | $80 | $80 |
| 40 | 24 | Friedman | 104 New Amsterdam Ave. | $80 | $80 |
| 41 | 25 | Duddy | 104 New Amsterdam Ave. | $80 | $80 |
| 42 | 27 | Weinmann | 104 New Amsterdam Ave. | $80 | $80 |
| 43 | 26 | Scott | 104 New Amsterdam Ave. | $80 | $80 |
| 44 | 28 | Scaffidi | 104 New Amsterdam Ave. | $80 | $80 |
| 45 | 29 | Khan | 104 New Amsterdam Ave. | $80 | $80 |
| 46 | 30 | Clauss | 104 New Amsterdam Ave. | $80 | $80 |
| 47 | 31 | Tzetzo | 104 New Amsterdam Ave. | $80 | $80 |
| 48 | 33 | Lee | 104 New Amsterdam Ave. | $80 | $80 |
| 49 | 32 | Kulpit | 104 New Amsterdam Ave. | $80 | $80 |
| 50 | 34 | Joseph | 104 New Amsterdam Ave. | $80 | $80 |
| 51 | 36 | Houston | 104 New Amsterdam Ave. | $80 | $80 |
| 52 | 35 | Frome | 104 New Amsterdam Ave. | $80 | $80 |
| 53 | 38 | Evaldi | 104 New Amsterdam Ave. | $80 | $80 |
| 54 | -- | Acquavita | 104 New Amsterdam Ave. | $180 | -- |
| 55 | 37 | Burnett | 104 New Amsterdam Ave. | $80 | $80 |

| 56 | 39 | Greene | 104 New Amsterdam Ave. | $80 | $80 |
| 57 | 41 | Koch | 104 New Amsterdam Ave. | $80 | $80 |
| 58 | 40 | Beltz-Foley | 104 New Amsterdam Ave. | $60 | $80 |
| 59 | 43 | Lipke | 104 New Amsterdam Ave. | $80 | $80 |
| 60 | 42 | Heneghan | 104 New Amsterdam Ave. | $80 | $80 |
| 61 | 45 | Glick | 104 New Amsterdam Ave. | $80 | $80 |
| 62 | 44 | Johnson | 104 New Amsterdam Ave. | $80 | $80 |
| 63 | 47 | Deyell | 104 New Amsterdam Ave. | $80 | $80 |
| 64 | 46 | Schwabe | 104 New Amsterdam Ave. | $80 | $80 |
| 65 | 48 | Kupferman | 104 New Amsterdam Ave. | $80 | $80 |
| 66 | 49 | Jacobs | 104 New Amsterdam Ave. | $80 | $80 |
| | | | TOTAL: | $2540 | $2380 |
| | | | GRAND TOTAL: | | $4920 |

On this record, the Court cannot award these costs to Plaintiff. First, the expenses are unsubstantiated. There is no invoice from a process server, or any receipt of payment to a process server. Rather, there is an "invoice" attached from Plaintiff herself to each of the named Defendants. Further, the invoice does not match up with notations on the proofs of service filed with the Clerk. For example, the proof of service for Defendant Lee in case 15-CV-1050-FPG (ECF No. 20) is signed by a Ken Nixon, who attempted to serve Defendant by leaving the summons with a receptionist at Defendant's business. That document reflects that Mr. Nixon's fees were $60.00. However, the invoice from Plaintiff to Defendant Lee seeks $80.00 in costs. ECF No. 33.

Further, the costs requested are indeed exorbitant. Just as one example, it appears that Mr. Nixon went to Defendants' place of business on January 9, 2017, and left Complaints and Summonses for 20 Defendants with the receptionist. *See* ECF Nos. 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46. Each proof of service lists Mr. Nixon's expenses as $60 for travel, and $0 for services. Since the travel only occurred once, the costs requested could not be $60 times 20, or $1200. Rather, it would seem that a single charge of $60 for travel would be the only permissible expenditure based on the record presently before the Court.

In short, Plaintiff's requested costs are unsubstantiated by proper documentation, and where costs are listed, they are inconsistent and/or exorbitant. As a result, the applications for costs, as listed by the above docket numbers in the chart, are denied without prejudice.

The parties are strongly encouraged to work with each other to resolve the issue of costs incurred – to the extent that reasonable service costs were incurred by Plaintiff – between themselves. If the parties cannot resolve the issue, Plaintiff may file a renewed application for service costs, preferably in one consolidated filing (as opposed to almost 30 separate motions in each of the cases, as was filed here), keeping in mind the principles discussed in this decision regarding costs, amounts, and substantiation.

V.   Consolidation of the four actions

As noted by defense counsel, "Plaintiff filed four very similar Complaints in the Western District of New York against Mr. Deyell, the Elmwood Franklin School, and the other named Defendants." Case No. 15-CV-1050, ECF No. 15-1 at 2. The Court agrees with this view of the four cases. Under Fed. R. Civ. P. 42, "if actions before the court involve a common question of law of fact, the court may…(2) consolidate the actions."

Pursuant to Rule 42(a)(2), the four actions, namely: (1) *Chinn v. Elmwood Franklin*, 15-CV-938-FPG; (2) *Chinn v. Elmwood Franklin*, 15-CV-964-FPG; (3) *Chinn v. Deyell*, 15-CV-1050-FPG; and (4) *Chinn v. Duddy*, 16-CV-61-FPG are hereby CONSOLIDATED, and all future filings shall occur under the lead docket of 15-CV-938-FPG.

No Summonses have been issued in cases 16-CV-61-FPG and 15-CV-938-FPG, and with their consolidation, the pending *in forma pauperis* applications in those two cases are moot. The Clerk need not issue Summonses from the former cases of 16-CV-61-FPG and 15-CV-938-FPG,

since the Defendants in those cases are already Defendants in the cases of 15-CV-1050-FPG and/or 15-CV-938-FPG. So as long as Defendants have been served with a Summons in those cases, no further Summons is required now that the cases are consolidated.

CONCLUSION

For the foregoing reasons, the Court Orders as follows:

1) Plaintiff's Motions for an extension of time to complete service on Defendants is GRANTED, and she shall have until October 31, 2017 to serve all Defendants;

2) Defendant Deyell's Motion to Vacate the Clerk's Entry of Default in Case No. 15-CV-1050 is GRANTED, and Plaintiff's Motion for Default Judgment against Deyell is DENIED;

3) Plaintiff's applications for costs regarding service are DENIED WIHTOUT PREJUDICE, and the parties are strongly encouraged to discuss and resolve the issue of reasonable service costs against Defendants amongst themselves; and

4) the cases of (1) *Chinn v. Elmwood Franklin*, 15-CV-938-FPG; (2) *Chinn v. Elmwood Franklin*, 15-CV-964-FPG; (3) *Chinn v. Deyell*, 15-CV-1050-FPG; and (4) *Chinn v. Duddy*, 16-CV-61-FPG are hereby CONSOLIDATED, and all future filings shall occur under the lead docket of 15-CV-938-FPG.

5) After consolidating the cases, the Clerk of Court shall close case numbers 15-CV-964-FPG, 15-CV-1050-FPG, and 16-CV-61-FPG.

IT IS SO ORDERED.

Dated: September 28, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court