UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHELLONNEE B. CHINN,

                Plaintiff,

      -v-                                                              15-CV-938G(Sr)

THE ELMWOOD FRANKLIN SCHOOL,
et al.,

                Defendants.

---

## DECISION AND ORDER

This case is referred to the Hon. Jeremiah J. McCarthy by the Hon. Frank P. Geraci, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #72. Upon plaintiff's motion, Judge McCarthy recused himself from the consideration of non-party Roswell Park Comprehensive Cancer Center's ("Roswell Park's"), motion to quash subpoenas seeking:

> Copies of minutes of Roswell Park Board/Trustee/Director meetings, including minutes of any executive session, along [with] minutes of any meeting involving Michael L. Joseph and person(s) in roles of President or CEO of Roswell Park between January 1, 2013 and December 31, 2017. (Dkt. #98, p.16);

and

> Copies of all complaints, filed internally or with any third party agency or organization, by Roswell Park employees against Roswell Park alleging either disparate treatment, discriminatory treatment, or failure to promote, on account of race, gender or age between January 1, 2013 and December 31, 2017. (Dkt. #98, p.18).

Dkt. #96.

Plaintiff's *pro se* complaint alleges that she was subjected to age, gender and racial discrimination, as well as retaliation, during her employment as a kindergarten teacher. Dkt. #1. She has sued 8 employees and 21 Trustees of the Elmwood Franklin School, including the President of the Board of Trustees, Michael L. Joseph. Dkt. #1. Plaintiff alleges that the Trustees were aware of the discrimination against plaintiff, but failed to protect her from such discrimination, resulting in her suspension and termination. Dkt. #1.

Plaintiff claims that the information sought from Roswell Park is relevant because Mr. Joseph is Chairman of the Board of Directors of Roswell Park and likely acted similarly at Roswell Park as he did in the investigation of issues relating to plaintiff's suspension and termination of her employment at the Elmwood Franklin School. Dkt. #98. More specifically, plaintiff alleges that the information sought may demonstrate the extent to which Mr. Joseph was instrumental "in setting employment and hiring policies at Roswell Park that may, or may not, tend to show racial, gender [or] age animus" or establish that Mr. Joseph "exhibited racial, gender, and age animus." Dkt. #98, ¶¶ 24-25.

Roswell Park argues that none of the information sought is relevant to plaintiff's claims, seeks privileged and otherwise protected information from a non-party to plaintiff's lawsuit and would be unduly burdensome to produce. Dkt. #91-4.

"The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." *Syposs v. U.S.*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998); *See Weinstein v. University of Connecticut*, No. 07 Civ. 3219, 2012 WL 3443340, at *2 (D. Conn Aug. 15, 2012) (*citing* Advisory Committee Notes to 1970 Amendments to Rule 45 stating that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). As amended in 2015, Fed. R. Civ. P. 26(b)(1) provides, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

The Advisory Committee Notes to the 2015 Amendment clarifies that the rule was amended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse." In addition, pursuant to Fed. R. Civ. P. 45(c)(3)(B)(I), "a court may quash, modify or condition a subpoena to protect a person affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information." *Syposs*, 181 F.R.D. at 226. Whether a subpoena imposes an undue burden depends upon consideration of "relevance, the need of the party for the documents, the breadth of the document requests, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Libaire v. Kaplan*, 760 F. Supp.2d

288, 293-94 (E.D.N.Y. 2011). While the burden of demonstrating relevance is borne by the party seeking discovery, *Quotron Sys., Inc. v. Automatic Data Processing, Inc*., 141 F.R.D. 37, 41 (S.D.N.Y. 1992), the burden of persuasion on a motion to quash a subpoena is borne by the movant. *Sea Tow Int'l v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007). The decision whether to quash or modify a subpoena is committed to the sound discretion of the trial court. *Libaire,* 760 F. Supp.2d at 291.

In the instant case, there is no indication that any of the materials sought from Roswell Park have any relevance to plaintiff's claims of discrimination in her employment at the Elmwood Franklin School. The fact that Mr. Joseph is on the Board of Directors at both the Elmwood Franklin School and Roswell Park is insufficient to create a nexus between the employment policies and practices at these disparate institutions. Moreover, requiring the production of multiple years of Roswell Park meeting minutes and employee complaints of discrimination would not only expose confidential information but would also impose a significant burden on Roswell Park without any proportionate benefit to the fact finding process in this case. Accordingly, the motion to quash the subpoenas (Dkt. #96), is granted.

**SO ORDERED.**

DATED:    Buffalo, New York
             May 30, 2018

                                                s/ H. Kenneth Schroeder, Jr.
                                                **H. KENNETH SCHROEDER, JR.**
                                                **United States Magistrate Judge**