UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHELLONNEE B. CHINN,

                     Plaintiff,

                                                                   Case # 15-CV-938-FPG

v.

                                                                   DECISION AND ORDER

THE ELMWOOD FRANKLIN SCHOOL, et al.,

                     Defendants.

## BACKGROUND

*Pro se* Plaintiff Shellonnee B. Chinn brings this case against the Elmwood Franklin School and many of its employees and trustees. ECF No. 1. She alleges that Defendants subjected her to age, gender, and racial discrimination and retaliation during her employment as a teacher. *Id.* The Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for pretrial matters. ECF No. 72.

On May 30, 2018, United States Magistrate Judge H. Kenneth Schroeder, Jr.[1] issued an Order granting non-party Roswell Park Comprehensive Cancer Center's motion to quash. ECF No. 101. On June 13, 2018, Plaintiff filed objections to that Order. ECF No. 108.

On June 21, 2018, Judge McCarthy issued an Order granting the Elmwood Franklin School's motion to compel Plaintiff to produce discovery responses and initial disclosures and for attorneys' fees in connection with the motion. ECF No. 116. On July 9, 2018, Plaintiff filed objections to that Order. ECF No. 125.

The Court assumes the parties' familiarity with the facts and circumstances relevant to both Orders. For the reasons that follow, Plaintiff's objections are DENIED.

---

[1] On May 17, 2018, Judge McCarthy recused himself from Roswell Park's motion to quash, and the motion was referred to Judge Schroeder. ECF Nos. 96, 97.

**DISCUSSION**

A "party seeking to reverse a Magistrate Judge's ruling concerning discovery bears a heavy burden, in part, because the Magistrate Judge is afforded broad discretion in these matters." *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005) (citation omitted). To reverse a Magistrate Judge's order on a non-dispositive motion—like the motions to quash and to compel at issue here—it must be shown that the order is "clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

An order is "clearly erroneous" only when the Court, after reviewing "the entire evidence," "is left with the definite and firm conviction that a mistake has been committed." *Toole v. Toshin Co.*, No. 00-CV-821S, 2004 WL 1737207, at *1 (W.D.N.Y. July 29, 2004) (citation omitted). An order is "contrary to law" when "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

Here, Plaintiff has not met the standard for reconsideration with respect to either Judge Schroeder's May 30, 2018 Order or Judge McCarthy's June 21, 2018 Order.

As to Judge Schroeder's Order, Plaintiff asserts, in conclusory fashion without justification or supporting case law, that Judge Schroeder improperly assessed the evidence and the relevancy of her discovery demands. She further asserts, again without support, that obtaining discovery from non-party Roswell Park is relevant to her case against the Elmwood Franklin School and its employees and trustees because both are public benefit corporations and Defendant Michael Joseph is a board member of both institutions. She also argues that the discovery she seeks—*i.e.*, many years of Roswell Park meeting minutes and employee discrimination complaints—would not expose confidential information or impose a significant burden on Roswell Park.

Plaintiff falls far short of demonstrating that Judge Schroeder's Order is clearly erroneous or that he failed to apply, or misapplied, relevant statutes, case law, or procedural rules. Moreover, Plaintiff's objections merely reiterate arguments that Judge Schroeder already considered. *See, e.g.*, *Crawford v. Wegner*, No. 6:13-CV-06638 (MAT), 2018 WL 3093333, at *7 (W.D.N.Y. June 22, 2018) ("Plaintiff's objections, which consist of nothing more than reiterations of the arguments considered by [the Magistrate Judge], do not demonstrate that the [order] is clearly erroneous or contrary to law.").

As to Judge McCarthy's Order, Plaintiff asserts that, even though "[she], admittedly, had not timely complied with the required . . . deadline for Initial Disclosures or within 30 days for production of documents as mandated by Rules 26 & 34," her non-compliance with the Elmwood Franklin School's discovery demands does not "warrant the extreme measures handed down in Judge McCarthy's June 21, 2018 Order." ECF No. 125 at 3-4. The remainder of Plaintiff's objections are similarly conclusory and unsupported and reiterate arguments that Judge McCarthy already considered. Plaintiff has not demonstrated that Judge McCarthy's Order is clearly erroneous or that he failed to apply, or misapplied, relevant statutes, case law, or procedural rules.

## CONCLUSION

Plaintiff's objections to Judge Schroeder's May 30, 2018 Order (ECF No. 108) and her objections to Judge McCarthy's June 21, 2018 Order (ECF No. 125) are DENIED.

IT IS SO ORDERED.

Dated: July 12, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

3