UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHELLONNEE B. CHINN,

                        Plaintiff,

v.

THE ELMWOOD FRANKLIN SCHOOL, et al.,

                        Defendant.
_____

**DECISION AND ORDER REGARDING FEES**

15-CV-00938-FPG-JJM

        My June 21, 2018 Decision and Order [116], later affirmed by District Judge Geraci [128], directed defendant Elmwood Franklin School to submit its billing records in support of its request for attorneys' fees and costs incurred in connection with its motion to compel [104]. Elmwood Franklin has now submitted redacted billing invoices totaling $3,319.00 [119].[1] In opposing Elmwood Franklin's request, plaintiff argues that it is "excessive" and "unreasonable", and that "defendants' sole purpose for bringing this motion is to cause financial harm to plaintiff and NOT to further the litigation or cause the production of documents". Plaintiff's Response [130], ¶¶2, 3.

**DISCUSSION**

        I disagree with plaintiff's assertion that Elmwood Franklin's sole purpose is to harm her. As discussed in my Decision and Order, her failure to respond in any way to Elmwood Franklin's discovery demands left it no alternative but to move to compel compliance with those

---

[1] Although the invoices are addressed to Elmwood Franklin's insurance carrier rather than Elmwood Franklin itself, the fact that Elmwood Franklin obtained insurance coverage (for which it presumably paid a premium) does not bar it from recovering a fee award. Whether that award will be retained by Elmwood Franklin or passed on to its carrier is a matter to be resolved between them.

demands. Therefore, under Fed. R. Civ. P. ("Rule") 37(a)(5)(A), it is entitled to recover its "reasonable expenses incurred in making the motion, including attorney's fees".

Initially, I note that Elmwood Franklin seeks to recover for time spent in communicating with plaintiff in an attempt to obtain responses to its discovery demands (*e.g.*, May 22, 24, 26, and 29, 2018). Such time, which was not devoted to preparing the motion itself, is not recoverable. *See* <u>Foxley Cattle Co. v. Grain Dealers Mutual Insurance Co.</u>, 142 F.R.D. 677, 681 (S.D. Iowa 1992) ("[d]efendants claim considerable time for various communications with . . . opposing counsel regarding the underlying discovery request, all of which predate the motion to compel. Awards of expenses pursuant to Rule 37(a)(2) are limited to expenses incurred in obtaining the order to compel").

Elmwood Franklin also seeks recovery for 11.1 hours devoted to preparation of the motion itself. In considering a fee request, the court may "limit the hours allowed for specific tasks . . . on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation". <u>New York State Association for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136, 1146 (2d Cir. 1983). Considering the scope and complexity of the issues raised by the motion to compel, I conclude that an award of $2,000 is reasonable compensation for the cost of making the motion. The clerk of this court shall enter judgment in favor of Elmwood Franklin against plaintiff in that amount.

 **SO ORDERED**.

Dated: July 17, 2018

<u>/s/ Jeremiah J. McCarthy</u>
JEREMIAH J. MCCARTHY
United States Magistrate Judge
