UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHELLONNEE B. CHINN,

                        Plaintiff,

                        Case # 15-CV-938-FPG

v.

                        DECISION AND ORDER

THE ELMWOOD FRANKLIN SCHOOL, et al.,

                        Defendants.

## BACKGROUND

*Pro se* Plaintiff Shellonnee B. Chinn brings this case against the Elmwood Franklin School and many of its employees and trustees. ECF No. 1. She alleges that Defendants discriminated and retaliated against her during her employment as a teacher. *Id.* The Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for pretrial matters and report and recommendation on dispositive motions. ECF No. 72, 159.

On June 21, 2018, Judge McCarthy issued an Order granting Defendant Elmwood Franklin School's motion to compel Plaintiff to produce discovery responses and initial disclosures and for attorneys' fees and costs in connection with the motion. ECF No. 116. On July 9, 2018, Plaintiff filed objections to that Order. ECF No. 125. On July 12, 2018, this Court denied Plaintiff's objections and affirmed Judge McCarthy's Order. ECF No. 128.

On July 17, 2018, after obtaining billing records in support of Elmwood Franklin School's request for attorneys' fees and costs, Judge McCarthy issued an Order directing the Clerk of Court to enter judgment against Plaintiff in Defendant's favor for $2,000. ECF No. 134. Plaintiff objected to that Order and moved to stay enforcement of the judgment. ECF No. 147. For the reasons that follow, Plaintiff's objections and her request to stay the judgment are DENIED.

**DISCUSSION**

A "party seeking to reverse a Magistrate Judge's ruling concerning discovery bears a heavy burden, in part, because the Magistrate Judge is afforded broad discretion in these matters." *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005) (citation omitted). To reverse a Magistrate Judge's order on a non-dispositive motion it must be shown that the order is "clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

An order is "clearly erroneous" only when the Court, after reviewing "the entire evidence," "is left with the definite and firm conviction that a mistake has been committed." *Toole v. Toshin Co.*, No. 00-CV-821S, 2004 WL 1737207, at *1 (W.D.N.Y. July 29, 2004) (citation omitted). An order is "contrary to law" when "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

Here, Plaintiff has not met the standard set forth above. Plaintiff asserts, in conclusory fashion without justification or supporting case law, that the fee award is "excessive" and "clearly erroneous and contrary to the law" because the record does not reveal "reckless disregard" for the rules of discovery or "any intent to cause undue delay or other prejudice" to Defendant. ECF No. 147 at ¶¶ 7-8. She also states, in a single sentence, that the judgment should be stayed "to prevent a manifest injustice." *Id.* at ¶ 9.

Despite these assertions, the record reveals that Defendant served a discovery demand on Plaintiff on April 13, 2018, and that she had 30 days to respond. ECF No. 104 at 1-2. Plaintiff missed the deadline and, even though Defendant attempted to communicate with her, she offered no explanation for failing to produce mandatory disclosures and respond to Defendant's discovery demands. *Id.* at 2-6. As a result, Defendant was forced to file a motion to compel. ECF Nos. 103,

104.  Judge McCarthy granted that motion, which included a request for attorneys' fees, and this Court affirmed Judge McCarthy's Order.  ECF Nos. 116, 128.

Defendant filed billing records in support of its request for attorneys' fees totaling $3,319.00.  ECF No. 119.  Plaintiff argued that the request was "excessive" and "unreasonable" and made solely to "cause financial harm" to her and "NOT to further the litigation or cause the production of documents."  ECF No. 130 at ¶¶ 2, 3 (emphasis in original).  After careful analysis, Judge McCarthy concluded that an award of $2,000 was reasonable and directed the Clerk of Court to enter judgment in Defendant's favor against Plaintiff.  ECF No. 134.

Plaintiff falls far short of demonstrating that Judge McCarthy's Order is clearly erroneous or that he failed to apply, or misapplied, relevant statutes, case law, or procedural rules.  Moreover, Plaintiff's objections reiterate arguments that Judge McCarthy already considered.  *See, e.g.*, *Crawford v. Wegner*, No. 6:13-CV-06638 (MAT), 2018 WL 3093333, at *7 (W.D.N.Y. June 22, 2018) ("Plaintiff's objections, which consist of nothing more than reiterations of the arguments considered by [the Magistrate Judge], do not demonstrate that the [order] is clearly erroneous or contrary to law.").

## CONCLUSION

Plaintiff's objections to Judge McCarthy's July 17, 2018 Order and her motion to stay the $2,000 judgment (ECF No. 147) are DENIED.

IT IS SO ORDERED.

Dated: October 2, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court