UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

SHELLONNEE B. CHINN,                                            **REPORT,**
                                                                **RECOMMENDATION**
                              Plaintiff,                        **AND ORDER**

v.                                                              15-CV-00938-FPG-JJM

ELMWOOD FRANKLIN SCHOOL, *et al*.,

                              Defendants.
───────────────────────────────────

Plaintiff Shellonnee Chinn, acting *pro se*, seeks recovery in this action under various theories (including race, age and sex discrimination) in connection with her employment and termination from employment as a kindergarten teacher at the Elmwood Franklin School ("Elmwood Franklin"). Complaint [1].[1] On February 8, 2018 the action was assigned to me for supervision of pretrial proceedings [72]; *see also* [159] (dispositive referral).

Before the court are the following motions, in chronological order: plaintiff's cross-motion to compel discovery from Elmwood Franklin and the individual Elmwood Franklin defendants (the school's trustees and staff ) [113]; defendant Elmwood Franklin and individual Elmwood Franklin defendants' motion to compel and/or preclude evidence [150], supplemented by my Order to Show Cause [160]; plaintiff's motions to seal documents, sanction the Elmwood Franklin defendants, and to strike [153,156, 157]; and plaintiff's motion to compel discovery from the individual Elmwood Franklin defendants [189].

---

[1]    Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

In addressing each motion (although not in the order listed), I bear in mind that "one party's noncompliance with discovery requirements does not excuse the other's failure to comply. Each party's obligation is independent." Local Union No. 40 of the International Association of Bridge, Structural and Ornamental Iron Workers v. Car-Win Construction, 88 F. Supp. 3d 250, 272 (S.D.N.Y. 2015). Therefore, "any motion to compel will be determined on its own merits". Gropper v. David Ellis Real Estate, L.P., 2014 WL 518234, *3 (S.D.N.Y. 2014).

## DISCUSSION

### A.    Elmwood Franklin Defendants' Motion to Compel or Preclude [150]/My Order to Show Cause [160]

Based upon plaintiff's allegedly deficient discovery responses, defendant Elmwood Franklin and the individual Elmwood Franklin defendants move for dismissal of plaintiff's claims with prejudice, or, in the alternative, for preclusion of evidence, for an order compelling interrogatory responses, and for an award of attorney's fees [150].

This is the second such motion. Elmwood Franklin previously moved to compel plaintiff to produce discovery responses and initial disclosures pursuant to Fed. R. Civ. P. ("Rule") 26(a)(1) and for an award of attorney's fees [103], stating that plaintiff had ignored its repeated requests for compliance. See Kelleher Declaration [104]. When warned by defense counsel that, if necessary, Elmwood Franklin would move to compel and seek an award of "legal fees for such a motion due to her bad faith in repeatedly ignoring her obligations under the Federal Rules of Civil Procedure", plaintiff responded: "You do whatever you feel you need to do. Have a great weekend." Id., ¶¶18-19 and pp. 43, 45 of 59 (CM/ECF pagination).

By Decision and Order dated June 21, 2018 [116] (affirmed by District Judge Frank Geraci [128]), I granted Elmwood Franklin's motion to compel, ordering plaintiff "on or

before July 16, 2018 [to] fully and completely produce all documents in her possession, custody or control which are responsive to Elmwood Franklin's April 13, 2018 First Request for Production of Documents and Other Things, and [to] provide the disclosures required by Rule 26(a)(1)". [116], p. 4. I warned her that "failure to do so may result in the dismissal of her claims against some or all defendants, with prejudice". Id. While acknowledging that "courts have substantial discretion in deciding when [untimely] objections should be waived", (id., *quoting* Gropper, *3), I concluded that "in light of plaintiff's flippant attitude toward her discovery obligations, she will not be excused from waiver of any objections which might have been timely asserted". Id.

In the pending motion, defendants take issue with plaintiff's Rule 26(a)(1) disclosures (Kelleher Declaration [150-1], ¶¶9-19), her responses to Elmwood Franklin's document request (id., ¶¶20-42) and interrogatories (id., ¶¶43-58), and her (at the time) failure to respond to the individual Elmwood Franklin defendants' interrogatories (id., ¶¶59-78).

I also granted Elmwood Franklin's request for attorneys' fees, reasoning that "[e]ven after being warned by Mr. Kelleher that he would seek attorneys' fees if he was forced to bring a motion to compel, plaintiff continued to stonewall him . . . . Under these circumstances, I see no reason not to award Elmwood Franklin the attorneys' fees which it has incurred in connection with this motion to compel". Id., p. 5. I subsequently awarded fees of $2,000 [134].

**1.    Rule 26(a)(1) Disclosures**

Rule 26(a)(1) states that "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that

information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . . [and] (iii) a computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered".

"[T]he very purpose of Rule 26(a)(1) disclosures is to minimize for both parties the expenditure of time and money. If a party is unwilling to conduct a reasonable inquiry in advance of making Rule 26(a)(1) disclosures, that party cannot defeat the purposes of Rule 26(a)(1) simply by providing a laundry list of undifferentiated witnesses." Sender v. Mann, 225 F.R.D. 645, 651 (D. Colo. 2004). "The parties must provide the specific names of the individuals they might use as witnesses. It is not sufficient to identify them through the use of a collective description, such as 'employees or representatives of the defendant.'" 6 Moore's Federal Practice, §26.22[4][a] [i] (Matthew Bender 3d ed. 2018).

Yet that is exactly what plaintiff has done. Instead of identifying individuals, she listed categories such as "current and former administrators . . . teachers . . . employees . . . parents . . . students . . . Trustees . . . Board members", without disclosing the subjects of the information they may possess. [150-2], p. 9 of 14 (CM/ECF pagination). "This is patently insufficient and amounts to a non-disclosure." Smith v. Pfizer Inc., 265 F.R.D. 278, 283 (M.D. Tenn. 2010). "[B]road categories of witnesses do not satisfy the disclosure requirements of Rule 26. The rule requires parties to disclose *the name* of each individual likely to have discoverable information . . . . It is not sufficient to identify witnesses through the use of a collective description, such as 'employees or representatives of the defendant'". Id. (emphasis in original).

-4-

Nor did plaintiff adequately disclose her damages. "[B]y its very terms Rule 26(a) requires . . . a 'computation' [of damages], supported by documents." Design Strategy, Inc. v. Davis, 469 F.3d 284, 295 (2d Cir. 2006). Although styling her response as a "Computation of Damages Claimed by Plaintiff" ([150-2], p. 10 of 14 (CM/ECF pagination)), plaintiff merely listed amounts for various categories of damages, failing to explain how she arrived at those figures or what documents supported them.

By letter to plaintiff dated July 5, 2018 ([id.], pp. 13-14 of 14), Mr. Kelleher pointed out these deficiencies and asked plaintiff to supplement her Rule 26(a)(1) disclosures, but she has not done so. Kelleher Reply Declaration [179], ¶38.

## 2.    Responses to Elmwood Franklin's Document Request

Although I specifically ordered plaintiff to fully comply with Elmwood Franklin's document request by July 16, 2018 ([116], p. 4), she did not provide Elmwood Franklin with audio recordings responsive to that request until July 24 and August 2, 2018. Kelleher Declaration [150-1], ¶¶23-24. Although she claims that the delay was caused by a computer malfunction (plaintiff's Affidavit [178], ¶4), she never sought an extension of that deadline from the court. Moreover, whereas I had specifically stated that all objections to Elmwood Franklin's document request had been waived ([116], p. 4), she continued to assert objections in her response. [150-3], p. 2 of 200 (CM/ECF pagination).

## 3.    Responses to Elmwood Franklin's Interrogatories

In responding to Elmwood Franklin's first set of interrogatories, plaintiff has asserted numerous objections which do not come close to being well founded. Several

interrogatories were directed to specific allegations of the Complaint. For example, Count IV, ¶¶110 and 114 of the Complaint [1] allege that defendants conspired to deprive her of certain rights, and Interrogatory 7 asked her to "[i]dentify each and every act alleged to be part of a conspiracy, the date(s) of each of those acts, and the person(s) who conspired under Count IV of the Complaint". [150-10], p. 26 of 66 (CM/ECF pagination). Paragraph 121 of the Complaint alleges a conspiracy with the Buffalo Public Schools District to deprive plaintiff of her rights, and Interrogatory 10 asked plaintiff to identify "the person[s] at the Buffalo Public School District with whom any of the defendants alleged conspired, the dates on which acts of the alleged conspiracy occurred, the act(s) constituting said conspiracy and the identity of who among the defendants engaged in such a conspiracy as alleged in paragraph 121 of the Complaint". [150-10], p. 26 of 66 (CM/ECF pagination). Paragraphs 135 and 136 of the Complaint allege that on or about February 11, 2015 defendants conspired to suspend plaintiff from her employment and ban her from the school facilities in retaliation for her filing an EEOC complaint, and Interrogatory 11 asked plaintiff to "[i]dentify any and all evidence indicating that the defendants did conspire", and to "identify each person's who participated in such a conspiracy, the dates of each act alleged to be part of such a conspiracy and identify any document or other physical thing the plaintiff alleges supports her allegations of such a conspiracy". [150-10], p. 26 of 66 (CM/ECF pagination).

        Plaintiff responded to each of these Interrogatories using identical language: "Objection: this request seeks the legal reasoning and theories of plaintiff's contentions. Plaintiff is not required to prepare the defendant's case. Objection: the information sought in this request is equally available to the propounding party. Objection: this request is so broad and unlimited as to be an annoyance, embarrassment, and is oppressive. Objection: this request as phrased is

argumentative. It requires the adoption of an assumption, which is improper." Id., pp. 44-46 of 66.

None of these objections are proper. Contrary to plaintiff's assertion, Elmwood Franklin had no "case" to prepare - instead, it was entitled to explore the case which plaintiff had alleged. Since plaintiff alleged various conspiracies, Elmwood Franklin properly inquired into the details of those allegations in order to defend itself. Interrogatories 7, 10 and 11 were perfectly legitimate, and plaintiff's objections were baseless. *See* Charter Practices International, LLC v. Robb, 2014 WL 273855, *2 (D. Conn. 2014) ("plaintiffs' objection that the information and documents sought are equally available to the propounding parties . . . is a 'meritless' basis for objection"); Foti ex rel. Louisiana v. Eli Lilly & Co., 2008 WL 2858617, *3 (E.D.N.Y. 2008) ("Mississippi's 'equally available' objection deprives Lilly of basic information concerning the nature of that State's claims").

### 4.    Responses to the Individual Elmwood Franklin Defendants' Interrogatories

The individual Elmwood Franklin defendants' interrogatories were served upon plaintiff by mail on June 13, 2018 ([150-11], p. 2 of 254, CM/ECF pagination), meaning that plaintiff's responses were due 33 days thereafter, or on July 16, 2018. While plaintiff initially swore that she answered these interrogatories on or about June 27, 2018 (plaintiff's Affidavit [178], ¶6), in response to my second Order to Show Cause [180] she subsequently agreed that she did not answer them until August 7, 2008. Plaintiff's Affidavit [188], ¶7.

While admitting that "[c]learly, there were mistakes and errors" in her earlier Affidavit, plaintiff stated that "[a]t no time  . . . have I intended to deceive or make misrepresentations to the court". Id., ¶¶4, 8. Since the date on which plaintiff actually answered

the interrogatories could readily be proven, I accept her argument that she did not intend to deceive the court in stating that she had answered the interrogatories on June 27, 2018. However, her carelessness in making that statement lays another brick in the wall of trouble that she has built for herself.

Moreover, plaintiff answered virtually every one of those interrogatories by stating that she "can't respond to this overbroad request at this time. However, please see audiotapes submitted as part of Elmwood Franklin's first discovery demand dated April 13, 2018". *See*, *e.g.*, [179-1], pp. 9-19 of 142 (CM/ECF pagination). These responses are patently improper: "answering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33". <u>Mulero-Abreu v. Puerto Rico Police Department</u>, 675 F.3d 88, 93 (1st Cir. 2012).[2]

Finally, the Complaint alleges that defendants "knew or should have known that their conduct violated plaintiff's clearly established constitutional right to make and enforce contracts" ([1], ¶96), and Interrogatory 3 asked her to "identify each and every contract the Plaintiff has been unable to make and/or enforce . . . as alleged in paragraph 96 of the Complaint". Plaintiff refused to answer that interrogatory, stating instead that she "reserves the right to respond to this question at a later date" ([179-1], p. 10 of 142 (CM/ECF pagination)),[3] which was improper. *See* 7 <u>Moore's Federal Practice</u>, §37.23[1] (Matthew Bender 3d ed. 2018)

---

[2]    While Rule 33(d) allows a party to answer an interrogatory by reference to its "business records . . . if the burden of deriving or ascertaining the answer will be substantially the same for either party", plaintiff does not explain how the audiotapes would qualify as her "business records", or how the burden of reviewing those tapes to ascertain the answer to the interrogatory would "be substantially the same" for defendants as for her.

[3]    Each individual Elmwood Franklin defendant served an identical interrogatory 3, and plaintiff responded to each in the same way.

("[a] response is . . . insufficient if it simply promises to provide the requested information at a later time").

**5.      The Consequences of Plaintiff's Conduct**

While the Notice of Motion by Elmwood Franklin and the individual Elmwood Franklin defendants requests dismissal of plaintiff's claims with prejudice ([150], p. 2), their Memorandum of Law [150-13] does not mention dismissal, much less argue why it might be warranted. However, for the following reasons I conclude that dismissal *is* warranted, and courts "generally may act *sua sponte* in imposing sanctions under the Rules". Chambers v. NASCO, Inc., 501 U.S. 32, 43, n. 8 (1991).

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it". "Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*." Lopez v. Commissioner of Social Security, 110 F. Supp. 3d 489, 491 (W.D.N.Y. 2015); Link v. Wabash Railroad Co., 370 U.S. 626, 630 (1962). Thus, Rule 41(b) "may be fairly characterized as providing for two independent grounds for dismissal on motion or on the Court's own initiative: (1) a failure to prosecute the action, and (2) a failure to comply with the procedural rules, or any Order, of the Court". Harris v. Thompson, 2008 WL 4610301, *2 (N.D.N.Y. 2008). Accordingly, on August 15, 2018 I ordered plaintiff to "show cause why, if the allegations of the Elmwood Franklin defendants' motion [150] are sustained, her claims against the Elmwood Franklin defendants should not be dismissed with prejudice". [160], p. 3. Oral argument was held on September 6, 2018 [183].

"The correctness of a Rule 41(b) dismissal is determined in light of five factors. They are: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Although "no single factor is dispositive" (id.), each will be considered:

        **a.**      **The Duration of the Plaintiff's Failure to Comply with the Court Order.**

My April 3, 2018 Case Management Order required Rule 26(a)(1) disclosures to be submitted by June 4, 2018. [88], ¶3. Plaintiff neither met that deadline nor sought an extension. In granting Elmwood Franklin's motion to compel, my June 21, 2018 Decision and Order [116] required plaintiff to provide her Rule 26(a)(1) disclosures by July 16, 2018. As previously discussed, the disclosures which plaintiff did submit, which are "patently insufficient and amount[ ] to a non-disclosure" (Smith, 265 F.R.D. at 283), have yet to be rectified, even after they were called to her attention by Mr. Kelleher's July 5, 2018 letter ([150-2], pp. 13-14 of 14 (CM/ECF pagination)).

Plaintiff's failure to correct those deficiencies demonstrates bad faith. *See* Guantanamera Cigar Co. v. Corporacion Habanos, S.A., 263 F.R.D. 1, 6 (D.D.C. 2009) ("[t]he fact that defendant's counsel asked for more specific initial disclosures . . . combined with the unlikelihood that plaintiff's counsel truly misunderstood the discovery rules so egregiously as to think that a disclosure of thousands of potential witnesses was acceptable, leads the Court to

believe that plaintiff acted in bad faith"). *See also* National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976) ("[n]ot only did respondents fail to file their responses on time, but the responses which they ultimately did file were . . . grossly inadequate").

While acknowledging that the court may "sanction . . . a litigant for bad-faith conduct or disobeying the court's order", plaintiff argues that the court "should be particularly solicitous of pro se litigants who assert civil rights claims". Plaintiff's Memorandum of Law [177], pp. 4-5, *citing* Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010). However, "the appropriate degree of special solicitude is not identical with regard to all *pro se* litigants . . . . [T]he exact degree thereof will depend upon a variety of factors, including, but not necessarily limited to, the specific procedural context and relevant characteristics of the particular litigant". Tracy, 623 F.3d at 102. "In some circumstances, such as when a particular *pro se* litigant is familiar with the procedural setting . . . it falls well within a district court's discretion to lessen the solicitude that would normally be afforded." Id.

Plaintiff's numerous submissions in this case are replete with discussion of statutes, federal and local rules of civil procedure and caselaw, clearly demonstrating either that plaintiff herself is extraordinarily well versed in the law, or that she is receiving assistance from someone who is. Therefore, she is not entitled to the degree of "solicitude" that might be extended to another *pro se* litigant. In any event, "the indulgence afforded to a *pro se* litigant should not extend to the disregard of a judge's plain directives". Lucas, 84 F.3d at 538. *See also* Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) ("[t]he right of self-representation is not a license not to comply with relevant rules of procedural and substantive law").

-11-

### b.    Was plaintiff Warned that Failure to Comply Could Result in Dismissal?

My June 21, 2018 Decision and Order warned plaintiff that her failure to fully comply with its terms "may result in the dismissal of her claims against some or all defendants, with prejudice". [116], p. 4. In <u>Lucas</u>, the Second Circuit noted that had plaintiff "received such a warning, it is difficult to imagine how dismissal for unexplained non-compliance could be an abuse of discretion". 84 F.3d at 535.

"[A]ll litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." <u>McDonald v. Head Criminal Court Supervisor Officer</u>, 850 F.2d 121, 124 (2d Cir. 1988). *See also* <u>Bambu Sales, Inc. v. Ozak Trading Inc.</u>, 58 F.3d 849, 853 (2d Cir. 1995) ("discovery orders are meant to be followed. A party who flouts such orders does so at his peril"); <u>Mulero-Abreu</u>, 675 F.3d at 94 ("the plaintiffs were twice explicitly warned that if they neglected to comply by a specified date, their case would be dismissed. The plaintiffs turned a deaf ear to those warnings. They did so at their peril and they cannot now be heard to say that they were somehow blindsided because the district court said what it meant and meant what it said").

### c.    Are Defendants Likely to be Prejudiced by Further Delay?

"[D]efendants have an interest in prompt resolution of suits in which they have been named, particularly where, as here, racial bias is alleged." <u>Copeland v. Rosen</u>, 194 F.R.D. 127, 132 (S.D.N.Y. 2000). "Prejudice to defendants resulting from unreasonable delay may be presumed", <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 43 (2d Cir.1982), and "a pattern of dilatory tactics . . . . may warrant dismissal after merely a matter of months". <u>Id.</u> at 42-43.

Moreover, even if defendants "had suffered no prejudice from [plaintiff's] conduct . . . we, along with the Supreme Court, have consistently rejected the 'no harm, no foul' standard for evaluating discovery sanctions." Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010).

### d.    Balancing the Court's Interest in Managing its Docket with the Plaintiff's Interest in Receiving a Fair Chance to be Heard.

Plaintiff claims that "[a]t no time" did she intend to "obstruct the court's ability to manage this case". Plaintiff's Affidavit [188], ¶4. Whether or not obstruction was the intent of her conduct, it has certainly been its effect. "The discovery process is intended to be self-executing. And it is not the court's role, nor that of opposing counsel, to drag a party kicking and screaming through the discovery process." Smith v. Trans-Siberian Orchestra, 2011 WL 13161599, *2 (M.D. Fla. 2011).

"The resources of the courts would be taxed beyond endurance if more than a tiny percentage of discovery or disclosure proceedings generated disputes that judges were forced to resolve." 7 Moore's Federal Practice, §37.23[1]. "If parties could ignore Court Orders with the liberty in which plaintiff has acted, the civil justice system would suffer, and judges would have no reason to invest their energy in case management . . . . There would be no premium placed on adherence to a schedule or a Court Order, and no incentive to manage the litigation to reduce its cost and bring justice as expeditiously as possible to each of the parties." Copeland, 194 F.R.D. at 133.

Therefore, "[w]hile a harsh remedy . . . [Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload". Lopez, 110 F. Supp. 3d at 491;

-13-

Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004). "Indeed, in this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where, as in this case, they are clearly warranted". Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979).

           **e.**       **Has a Less Drastic Sanction been Considered?**

"In the litigation process, when certain moments have passed, district courts are not required to give parties a 'do over'." United States v. Allstate Insurance Co., 2014 WL 10748104, *9 (W.D.N.Y. 2014), adopted, 2016 WL 463732 (W.D.N.Y. 2016), aff'd, 686 Fed. App'x 23 (2d Cir. 2017). Since I had already sanctioned plaintiff $2,000 and warned her that further violations could result in dismissal, I see no reason to give her a second chance. *See* Southern New England, 624 F.3d at 148 ("lesser sanctions would be ineffective to achieve compliance, as Global had already been sanctioned for its failure to comply with the prejudgment remedy discovery orders"); Butler v. Beneficial Management Corp., 2000 WL 1428682, *3 (E.D. Pa. 2000) ("[t]o simply again direct plaintiff to honor her obligations under the federal rules and extant court orders would encourage rather than deter dilatoriness and recalcitrance").

"The district court is free to consider the full record in the case in order to select the appropriate sanction", Southern New England, 624 F.3d at 144, and is "not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record". Id. at 148. As previously detailed, plaintiff has not merely failed to serve timely and adequate Rule 26(a)(1) disclosures, but she failed to abide by the deadline July 16, 2018 deadline for compliance with Elmwood Franklin's document requests,

-14-

asserted objections after having been told they were waived, failed to timely respond to the individual Elmwood Franklin defendants' interrogatories, and failed to answer those interrogatories in any meaningful way.[4] The harshest of sanctions is appropriate where, as here, a party's "conduct was not isolated but rather formed a pattern of prolonged and vexatious obstruction of discovery". Id.

Plaintiff also accuses the Elmwood Franklin defendants of bad faith. Even if those accusations were well founded (and as will be discussed, they are not), she has "not explained how the defendants' bad faith bears any relationship to [her] own refusal to obey the district court's serial orders. In law as in life, two wrongs do not make a right". Mulero-Abreu, 675 F.3d at 92. *See also* Gropper, 2014 WL 518234, *3 ("[t]he defendants further contend that the plaintiff's motion should be summarily denied because the plaintiff himself has failed to respond to discovery requests. Discovery is not equity: one party's noncompliance with discovery requirements does not excuse the other's failure to comply").

"Involuntary dismissal for a plaintiff's failure to prosecute is a matter committed to the discretion of the trial court." Colon v. Mack, 56 F.3d 5, 7 (2d Cir. 1995). For the reasons discussed, I recommend that this court exercise that discretion by dismissing plaintiff's claims against Elmwood Franklin and the individual Elmwood Franklin defendants, with prejudice.

---

[4]    Rule 41(b) contemplates dismissal not merely for violation of a court order, but also for violation of a Rule of Civil Procedure, and Rule 33(b)(2) requires that interrogatories be answered "fully in writing under oath".

**B.     Plaintiff's Motions**

**1.     Cross-Motion to Compel Discovery [113]**

In response to Elmwood Franklin's motion to compel [103], plaintiff cross-moved to compel discovery from all defendants. [113]. I granted the cross-motion as to defendant Buffalo Public Schools District as unopposed [136], and its motion for reconsideration [143] is being addressed in a separate Decision and Order issued today [203]. If my recommendation to dismiss plaintiff's claims against the Elmwood Franklin defendants is adopted, then her cross-motion as to them is moot.

However, even if my recommendation is not adopted, the cross-motion should nevertheless be denied for the reasons discussed in Brendan Kelleher's Declaration [120-1] and Memorandum of Law [120]. Although plaintiff's Fourth Request for Production of Documents was responded to belatedly, it had been misplaced, and defendants served a response shortly after they became aware that it was overdue. *See* Kelleher Declaration [120-1], ¶¶40-44. Unlike plaintiff, whose refusal to respond to defendants' repeated requests for compliance with their discovery demands led me to conclude that her untimely objections had been waived, defendants did not deliberately ignore her demands. Therefore, their objections, although untimely, are not waived. See Gropper, 2014 WL 518234, *3;  McKissick v. Three Deer Association Limited Partnership, 265 F.R.D. 55, 57 (D. Conn. 2010) ("the delay of approximately one month is not sufficiently substantial as to justify the waiver of the defendants' objections, particularly in the absence of any deliberately evasive conduct by the defendants").

2.    **Motions to Seal/Sanction [153, 156, 157]**

In these motions, plaintiff seeks to seal certain allegedly confidential student information, along with financial information concerning plaintiff and her daughters, contained in the Elmwood Franklin defendants' submission ([150], Exhibit D), to sanction the Elmwood Franklin defendants for the public filing of that information, and to strike their motion for relief [150] as a consequence of that filing. By Text Order dated August 8, 2018 [154] (the same day that plaintiff first moved to seal [153]), I ordered Exhibit D sealed pending further order of the court.

Responding to these motions, the Elmwood Franklin defendants argue that plaintiff gave them no reason to believe that the student information which she had provided to them was confidential,[5] and that they did not publicly disclose any confidential financial information of plaintiff or her children. *See* Kelleher Declaration [173]. I agree with the Elmwood Franklin defendants, and see no basis either to sanction them or to strike their motion [150].

In any event, pursuant to my Text Order [154], all of [150], Exhibit D is sealed. By November 9, 2018 plaintiff shall designate the portions of that Exhibit that she believes should remain sealed, and defendants may respond by November 16, 2018, whereupon I will decide which portions (if any) of that Exhibit will remain sealed.

---

[5]    Moreover, for the reasons discussed in my August 15, 2018 Text Order [161], I question how plaintiff is entitled to assert the rights of the students allegedly affected by the disclosure. Plaintiff's argument that she can act on their behalf *in loco parentis* (*see* plaintiff's Memorandum of Law [176]) is not persuasive.

3.      **Motion to Compel [189]**

In moving to compel compliance with her August 10, 2018 document demands, plaintiff argues that the Elmwood Franklin defendants' brief delay in responding means that their objections to those demands have been waived. For the reasons stated in the Kelleher Declaration [196-1], I disagree. Defendants' minimal delay in responding was due to oversight, unlike the extensive delay demonstrated by plaintiff (detailed in Mr. Kelleher's June 5, 2018 Declaration [104]) which led me to conclude that her objections had been waived [116].

Therefore, in the exercise of my discretion (Gropper, McKissick, *supra*), I excuse defendants' brief delay in objecting to plaintiff's August 10, 2018 document demands and deny her motion to compel.


**CONCLUSION**

For these reasons, I recommend that plaintiff's claims against Elmwood Franklin and the individual Elmwood Franklin defendants be dismissed with prejudice, and that the Elmwood Franklin defendants' motion [150] otherwise be denied as moot. Furthermore, I order that plaintiff's motions ([113] to the extent directed to the Elmwood Franklin defendants, [153], [156], [157] and [189]) be denied.

Unless otherwise ordered by Judge Geraci, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by November 19, 2018. Any requests for extension of this deadline must be made to Judge Geraci. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

-18-

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: November 1, 2018

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge