UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHELLONNEE B. CHINN,                             **DECISION AND ORDER**

                           Plaintiff,         15-CV-00938-FPG-JJM

v.

ELMWOOD FRANKLIN SCHOOL, *et al*.,

                           Defendants.
_____

        Plaintiff Shellonnee Chinn, acting *pro se*, seeks recovery in this action under various theories (including race, age and sex discrimination) in connection with her employment and termination from employment as a kindergarten teacher at the Elmwood Franklin School ("Elmwood Franklin"). Complaint [1].[1] On February 8, 2018 the action was assigned to me for supervision of pretrial proceedings [72]; *see also* [159] (dispositive referral).

        Before the court is defendant Buffalo Public Schools District's motion [143] for reconsideration of my July 18, 2018 Decision and Order [136], along with plaintiff's motion to strike the District's motion [149]. Oral argument was held on August 27, 2018 [174].

## BACKGROUND

        Only those facts relevant to the pending motions will be discussed. On June 5, 2018 defendant Elmwood Franklin moved to compel plaintiff to comply with its outstanding discovery demands, and for an award of attorney's fees [103]. I granted that motion by Decision and Order dated June 21, 2018 [116]. While that motion was pending, plaintiff crossed-moved to compel the District and the Elmwood Franklin defendants to comply with her document

---

[1]    Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

demands [113]. By Text Order dated June 19, 2018 [114], I required defendants to respond to plaintiff's cross-motion by July 3, 2018. The Elmwood Franklin defendants responded on that date [120], and the cross-motion as to them is decided in a Report, Recommendation and Order issued today [202].

However, not only did the District fail to respond to plaintiff's discovery demands, it also failed to respond to her cross-motion. Therefore, by Decision and Order dated July 18, 2018 [136], I granted plaintiff's unopposed cross-motion as to the District, reasoning that "I previously concluded that plaintiff had waived her objections to defendant Elmwood Franklin's discovery demands by failing to timely respond to them. June 21, 2018 Decision and Order [116], pp. 3-4. For the same reason, the District has waived all objections to plaintiff's demands by failing to respond to them. Therefore, on or before August 10, 2018 the District shall fully comply (without objection) with the document demands attached to plaintiff's cross-motion". Id., p. 2.

While neither plaintiff's discovery demands nor her cross-motion got the District's attention, my Decision and Order did. On July 25, 2018, the District moved [143] for reconsideration of my Decision and Order to the extent that it required production of confidential third party information such as student records and complaints of discrimination by students, parents, or District employees or contractors. *See* District's Memorandum of Law [143-1]. Although the District relies upon Fed. R. Civ. P. ("Rule") Rule 59(e) (id., p. 3), that Rule does "not apply to interlocutory orders". Fero v. Excellus Health Plan, Inc., 304 F. Supp. 3d 333, 337 (W.D.N.Y. 2018). Nevertheless, "a district court has the discretion to reconsider and, if appropriate, revise an interlocutory order at any time prior to final judgment". Id.; *see also* Rule 54(b).

"The decision as to whether to grant . . . a motion [for reconsideration] lies within the discretion of the district court." Underwood v. B-E Holdings, Inc., 269 F. Supp. 2d 125, 139 (W.D.N.Y. 2003). "The standard is strict, and reconsideration will generally be denied unless the moving party can point to matters that might reasonably be expected to alter the conclusion reached by the court." Id. "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992).

As discussed in my July 26, 2018 Interim Order [145], the District has not shown an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error (as there cannot be error in granting a motion which was unopposed). However, reconsideration in this case is appropriate (subject to a condition to be discussed) in order to prevent manifest injustice, namely harm to the confidentiality interests of third parties such as the District's students, parents, employees or contractors, who are not responsible for the District's failure to respond to plaintiff's discovery demands and cross-motion. *See* id., pp. 3-4 and authorities cited therein.[2]

Moreover, if my Report, Recommendation and Order which issued today [202] is adopted, then the only remaining defendant will be the District. Since the District has moved for

---

[2] In moving to strike the District's motion, plaintiff cites L.R.Civ.P. 7(a)(3) ("motions shall be supported by at least one (1) affidavit") and argues that "[t]he District's failure to include at least one (1) supporting affidavit deprives its motion of any evidentiary basis and is fatal to its application". Plaintiff's Affidavit [149-1], ¶¶5-6. However, "a district court has inherent authority to determine when to overlook or excuse a departure from its own local rules . . . . [T]his authority is a matter of discretion to be guided by whether strict application of the local rules would lead to an unjust result." Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd., 422 F.3d 72, 75 (2d Cir. 2005); *see also* L.R.Civ.P. 83.8 ("any of the foregoing rules shall, in special cases, be subject to such modification as may be necessary to avoid injustice or great hardship"). Here, I am granting reconsideration in order to prevent injustice to third parties, for reasons which - notwithstanding the absence of a supporting affidavit - are adequately set forth in the District's Memorandum of Law.

summary judgment [123],[3] it seems prudent to stay discovery except that which may be necessary to resolve the summary motion. See Panola Land Buyers Association v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985) ("a magistrate [judge] has broad discretion to stay discovery pending decision on a dispositive motion"); Narvaez v. City of New York, 1994 WL 583176, *2 (S.D.N.Y. 1994) ("[j]udges routinely make such decisions so as to avoid costly and time-consuming discovery that may ultimately prove unneeded").

Therefore, on or before November 21, 2018 plaintiff shall file and serve her response to the District's motion for summary judgment. If she requires discovery in order to oppose that motion, pursuant to Rule 56(d) she must file an affidavit or declaration showing "what facts are sought to resist the motion and how they are to be obtained [and] how those facts are reasonably expected to create a genuine issue of material fact". Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003). The District shall reply on or before November 30, 2018, and oral argument will be held before me on December 6, 2018 at 2:00 p.m., at which plaintiff and counsel for the District shall appear in person.

Notwithstanding my inclination to grant the District's motion for reconsideration, I cannot leave unaddressed its conduct in ignoring not only plaintiff's discovery demands, but also her cross-motion to compel a response to those demands. At oral argument on September 6, 2018, counsel for the District acknowledged that "the fault is with me Your Honor for not responding . . . . The responsibility was on me to meet those [demands] and I failed to do so".[4] While I applaud counsel's candor, merely accepting his sincere apology would be small comfort

---

[3] Although that motion also purports to be on behalf of the Buffalo Board of Education and other parties who are not defendants in this action ([123], p. 1), I assume that is a typographical error.

[4] Chambers transcription from the digital recording of oral argument.

to plaintiff, whom I initially sanctioned in the amount of $2,000 for ignoring *her* discovery obligations. *See* my Decisions and Orders dated June 21 and July 17, 2018 [116, 134].[5]

By moving for reconsideration, the District is asking me to relieve it from its default in responding to plaintiff's discovery demands and cross-motion to compel. While courts may grant such relief even where the "[d]efendant's excuse for an action is pathetic", Tecnart Industria E Comercio Ltda. v. Nova Fasteners Co., 107 F.R.D. 283, 285 (E.D.N.Y. 1985), "it is permissible also for a court in the exercise of its discretion to impose conditions on granting relief from a default". A.I. Credit Corp. v. Deitch, 1992 WL 175274, *1 (S.D.N.Y. 1992).

"Ultimately, the matter of whether to grant relief from the entry of a default is left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case." Powerserve International, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001). "In exercising that discretion, a court has substantial flexibility to fashion the appropriate remedy." Natural Organics, Inc. v. TRC Nutritional Laboratories, Inc., 2009 WL 2957816, *2 (E.D.N.Y. 2009). Therefore, in order to assure all parties that my treatment of their conduct (and misconduct) is evenhanded, I will condition the grant of the District's motion for reconsideration [143] on its payment to plaintiff of the sum of $2,000.

## CONCLUSION

For these reasons, the District's motion for reconsideration [143] is granted on condition that it pay plaintiff the sum of $2,000; plaintiff's motion to strike [149] is denied; and the District's motion for summary judgment [123] will be addressed in accordance with the schedule discussed herein.

---

[5] However, in light of plaintiff's continuing disregard of her discovery obligations, I have now recommended that her claims against the Elmwood Franklin defendants be dismissed, with prejudice. *See* my Report, Recommendation and Order [202].

**SO ORDERED**.

DATED: November 1, 2018

                                            /s/ Jeremiah J. McCarthy
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge