UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHELLONNEE B. CHINN,

|                                   |                          |
|-----------------------------------|--------------------------|
| Plaintiff,                        | Case # 15-CV-938-FPG     |
| v.                                | DECISION AND ORDER       |
| THE ELMWOOD FRANKLIN SCHOOL, et al., |                       |
| Defendants.                       |                          |

## INTRODUCTION

*Pro se* Plaintiff Shellonnee B. Chinn brings this case against the Elmwood Franklin School and many of its employees and trustees. ECF No. 1. She alleges that Defendants discriminated and retaliated against her during her employment as a teacher. *Id.* The Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for pretrial matters and to hear and report upon dispositive motions for the Court's consideration pursuant to 28 U.S.C. §§ 636(b)(1)(B), (C). ECF Nos. 72, 159.

On November 1, 2018, Judge McCarthy issued a report and recommendation ("R&R") in which he recommends that the Court *sua sponte* dismiss this action for Plaintiff's repeated failure to comply with Court orders and her "prolonged and vexatious obstruction of discovery." ECF No. 202 at 9-15. Plaintiff filed objections to the R&R on November 19, 2018. ECF No. 207.

The Court assumes the parties' familiarity with the facts and procedural posture of this case. For the reasons that follow, the Court accepts and adopts Judge McCarthy's R&R in its entirety and this case is DISMISSED WITH PREJUDICE.

## LEGAL STANDARD

When a party makes specific objections to portions of a magistrate judge's R&R, the district court reviews those portions *de novo*. Loc. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). A specific objection must "specifically identify" the portions of the R&R to which the party objects and a "basis for each objection," and the objections must "be supported by legal authority." Loc. R. Civ. P. 72(b). A party who files objections to an R&R "must include . . . a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the magistrate judge." *Id.* at 72(c).

Where a party only generally objects and does not make a "specific written objection" to portions of the R&R, "the district court may adopt those portions, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Cordero v. Miller*, No. 1:15-CV-383-JJM-MAT, 2018 WL 3342573, at *4 (W.D.N.Y. July 9, 2018), *reconsideration denied* 2018 WL 4846272 (W.D.N.Y. Oct. 5, 2018) (quotation marks and citations omitted).

After conducting the appropriate review, the district court "may accept, reject, or modify, in whole or in part," the magistrate judge's R&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Although Plaintiff's objections cite Local Rule 72(b), her submission does not comply with its requirements. The entirety of Plaintiff's objections are as follows:

> A *de novo* review of the Magistrate's [R&R], in conjunction with a review of the complete record in this case, supports the Court rejecting the [R&R] in its entirety on the basis [that] the factual determinations [are] unfounded and the dismissal of the action is totally unsupported by the record in this case.
>
> The delay by the Magistrate in issuing discovery ruling(s) against the Elmwood Franklin defendants, from the start of discovery, has rendered Plaintiff's efforts for a meaning[ful] opportunity to develop evidence . . . futile.

2

> Plaintiff objects and take[s] exception to the [R&R] in its entirety and cite[s] the record in this case, particularly those parts of the record commencing with the approximately six months of discovery.

ECF No. 207 at 1-2.

Plaintiff's objections are non-specific and lack any basis or supporting legal authority in violation of Local Rule 72(b). She also failed to submit the requisite certification pursuant to Local Rule 72(c).[1] "Failure to abide by the Local Rules constitutes reason enough to dismiss [Plaintiff]'s objections[,] as courts have broad discretion in interpreting and applying their Local Rules."[2] *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (citations omitted) (dismissing defendant's objections to an R&R for failing to comply with the Local Rules).

Notwithstanding the above, the Court considered Plaintiff's general objections and reviewed Judge McCarthy's R&R for clear error, and it finds no clear error in his findings or recommendations or on the face of the record. *See Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) ("When performing such a 'clear error' review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks omitted). Accordingly, the Court adopts the R&R in its entirety.

---

[1] *Pro se* litigants are required to "become familiar with, follow, and comply" with the Local Rules (*see* Loc. R. Civ. P. 5.2(i)), and Judge McCarthy's R&R even specifically cited and quoted Local Rules 72(b) and (c). ECF No. 202 at 19.

[2] The Court recognizes that Plaintiff is proceeding *pro se* and that it "should be particularly solicitous of *pro se* litigants who assert civil rights claims," *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (citation omitted), but it nonetheless declines to excuse Plaintiff's improper objections. It is Plaintiff's "duty to pinpoint those portions of the [R&R] that the district court must specifically consider. This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (citation omitted). Moreover, a *pro se* litigant is entitled to less deference when she "is experienced in litigation and familiar with the procedural setting presented," *Tracy*, 623 F.3d at 102, like the Plaintiff is here.

## CONCLUSION

The Court accepts and adopts Judge McCarthy's R&R (ECF No. 202) in its entirety and this case is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: November 29, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court