UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHELLONNEE B. CHINN,

                              Plaintiff,

v.                                               Case # 15-CV-938-FPG

THE ELMWOOD FRANKLIN SCHOOL, et al.,        DECISION AND ORDER

                              Defendants.

## BACKGROUND

*Pro se* Plaintiff Shellonnee B. Chinn brings this case against the Buffalo Public Schools District[1] alleging discrimination and retaliation while she was a kindergarten teacher at the Elmwood Franklin School. ECF No. 1. The Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for pretrial matters and to hear and report upon dispositive motions for the Court's consideration pursuant to 28 U.S.C. §§ 636(b)(1)(B), (C). ECF Nos. 72, 159.

On November 1, 2018, Judge McCarthy issued a Decision and Order granting the District's Motion for Reconsideration (ECF No. 143) on the condition that it pay Plaintiff $2,000 and denying Plaintiff's Motion to Strike (ECF No. 149) the District's Motion for Reconsideration. ECF No. 203. On November 19, 2018, Plaintiff filed objections to that Order. ECF No. 206.

For the reasons that follow, Plaintiff's objections are DENIED.

## DISCUSSION

A "party seeking to reverse a Magistrate Judge's ruling concerning discovery bears a heavy burden, in part, because the Magistrate Judge is afforded broad discretion in these matters." *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005) (citation

---

[1] This case was initially brought against numerous other Defendants that were all dismissed on November 29, 2018. ECF No. 211.

omitted). To reverse a Magistrate Judge's order on a non-dispositive motion it must be shown that the order is "clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

An order is "clearly erroneous" only when the Court, after reviewing "the entire evidence," "is left with the definite and firm conviction that a mistake has been committed." *Toole v. Toshin Co.*, No. 00-CV-821S, 2004 WL 1737207, at *1 (W.D.N.Y. July 29, 2004) (citation omitted). An order is "contrary to law" when "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

As an initial matter, Plaintiff's objections do not comply with Local Rule of Civil Procedure 72(a), which states that a party objecting to a Magistrate Judge's order on a non-dispositive issue must "clearly set out" the "specific matters" to which she objects. The entirety of Plaintiff's objections are as follows:

> As more fully set forth in [Docket] Items #149 and #155, and incorporated herein by reference, Plaintiff objects to the denial of her application to strike the Defendant's Motion for Reconsideration and the granting of the Defendant's Motion for Reconsideration, each on the basis that the Magistrate's decision is contrary to law and clearly erroneous.

ECF No. 206 at 2.

Although Plaintiff asserts that she submits her objections pursuant to Local Rule 72(a), *see id.* at 1, they are not "clearly set out" or "specific" as the Rule requires. She also failed to submit the requisite written statement pursuant to Local Rule 72(c) "certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."[2] "Failure to abide by the Local Rules constitutes reason enough to dismiss [Plaintiff]'s objections[,] as courts have broad discretion in interpreting and

---

[2] Even *pro se* litigants must "become familiar with, follow, and comply" with the Local Rules. Loc. R. Civ. P. 5.2(i).

applying their Local Rules." *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (citations omitted) (dismissing defendant's objections to an R&R for failing to comply with the Local Rules).

Moreover, Plaintiff cites to docket entries containing the Notice of Motion and Memorandum of Law submitted for Judge McCarthy's consideration in connection with her Motion to Strike and purports to "incorporate them by reference." ECF No. 206 at 2. This is improper because Plaintiff may not reiterate arguments that Judge McCarthy already considered. *See, e.g.*, *Crawford v. Wegner*, No. 6:13-CV-06638 (MAT), 2018 WL 3093333, at *7 (W.D.N.Y. June 22, 2018) ("Plaintiff's objections, which consist of nothing more than reiterations of the arguments considered by [the Magistrate Judge], do not demonstrate that the [order] is clearly erroneous or contrary to law.").

Notwithstanding the above, the Court considered Plaintiff's submission and reviewed Judge McCarthy's November 1, 2018 Decision and Order. The Court finds that the Decision and Order is not is clearly erroneous and that Judge McCarthy did not fail to apply, or misapply, relevant statutes, case law, or procedural rules. Accordingly, Plaintiff's objections are denied.

## CONCLUSION

Plaintiff's objections to Judge McCarthy's November 1, 2018 Decision and Order (ECF No. 206) are DENIED.

IT IS SO ORDERED.

Dated: December 3, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court