UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHELLONNEE B. CHINN,

                          Plaintiff,

v.

ELMWOOD FRANKLIN SCHOOL, *et al*.,

                          Defendants.
_____

**REPORT AND RECOMMENDATION**

15-CV-00938(FPG)(JJM)

        Before the court is defendant Buffalo Public Schools District's renewed motion for summary judgment [123].[1] Having reviewed the parties' submissions [123, 223, 225, 228-231] and heard oral argument [234], for the following reasons I recommend that the motion be granted.

## BACKGROUND

        *Pro se* plaintiff Shellonnee Chinn commenced this action on October 29, 2015 against the Elmwood Franklin School, its Board of Trustees, and the District, alleging race, age and sex discrimination and retaliation in connection with her employment and termination from employment as a kindergarten teacher at Elmwood Franklin. Complaint [1]. In a November 1, 2018 Report and Recommendation [202], I recommended that her claims against Elmwood Franklin and its trustees be dismissed. That recommendation was adopted by District Judge Frank Geraci [210, 211].

---

[1]     Bracketed references are to CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

Plaintiff alleges in conclusory terms that, acting in conjunction with Elmwood Franklin and its trustees, the District discriminated against her based on her race, sex, and age, ultimately resulting in her termination from employment. Complaint [1]. Specifically, she alleges "Elmwood Franklin School receives federal Title II funding to support faculty development with such funds administered and managed by defendant Buffalo Public School District", and that the District denied her the use of Title II funds because of her race, sex and age. Id., ¶¶79-82.[2] She also alleges that the District inspired with Elmwood Franklin and its trustees to retaliate against her for filing an EEOC charge. Id., ¶¶133-38.

In moving for summary judgment, the District has submitted the Affidavit of its employee Jaime L. Cohen, who is responsible for overseeing the distribution Title IIA funds for use in private schools in the City of Buffalo [123-3]. Ms. Cohen states that "in conjunction with the Title IIA process, the District is not given a school's staff roster including details regarding race, gender, sex, or age", that "at no time has the District ever possessed information pertaining to Elmwood Franklin's staff roster including details regarding race, gender, sex, or age", and that "to the best of my knowledge, this lawsuit is the first time anyone on my staff has been made aware of the existence of [plaintiff]". Id., ¶¶15-17.

In opposing the District's motion, plaintiff refers to the allegations of her Complaint, stating that these allegations "are credible, and constitute genuine issues of material

---

[2]   "Title II" refers to the Elementary and Secondary Education Act of 1965, Title II, Pub. Law 89-10. "The purpose of this subchapter is to provide grants to State educational agencies and subgrants to local educational agencies to . . . improve the quality and effectiveness of teachers, principals, and other school leaders". 20 U.S.C. §6601(2).

fact, particularly in light of the administrative chaos of the District that has had seven (7) different Superintendents between 2010 and 2016. Moreover, former Assistant Superintendent Debbie Buckley repeatedly conceded under oath that the District's management of professional development funds to which plaintiff was entitled were non-existent. See, EXHIBIT A, deposition of Debbie Buckley." Plaintiff's Affidavit [228], ¶¶3-4, pp. 7-8 (CM/ECF pagination). She argues that the "management and use of federal professional development funds, to which plaintiff was entitled, were either criminally . . . or negligently managed by the defendant, supporting an issue of fact as to the legal use of such funds as requested by the plaintiff. See, EXHIBIT B, criminal complaint against defendant supervisor of federal Title I funds [Debbie Buckley] dated February 3, 2015." Id., ¶6.

Plaintiff further argues that "[t]he defendant's contention that they should not be held liable because they did not know plaintiff is unavailing, disputed and is a material issue of fact. First, regarding the retaliation claim, managers of the Elmwood Franklin School broadcasted by email disparaging statements about the plaintiff in the Spring of 2015, where BPS [the District] may have been informed of the conflict between Elmwood Franklin and plaintiff, supporting a reasonable possibility that the District would have conspired to deny plaintiff access to professional development funds". Id., ¶5.

In addition, plaintiff seeks to depose "six individuals over a two-day period. One of the individuals is Ms. Debbie Buckley, a former Buffalo School District employee that had exclusive control over Title II federal funds and pled guilty to fraud and misappropriation of such funds in her dealings with private schools like the Elmwood Franklin School. Ms. Buckley's testimony and the five others whose testimony is important are relevant to the issue of

whether or not the . . . District was either negligent in the supervision of Title II funding . . . or was complicit in a conspiracy to intentionally deny plaintiff equal access to Title II funding, as required by federal law". Plaintiff's Affidavit [225], ¶¶5-6. She also seeks responses to certain other discovery demands. Id., ¶¶7-10.

The District replies that that it has already responded to her discovery demands (District's Affirmation [229], ¶¶15-25), that she fails to identify the individuals other than Buckley whom she seeks to depose or explain why their testimony is relevant (id., ¶¶2-4), and that "[t]he charges against Buckley predated the incidents Plaintiff offers to buttress her allegations by at least 3 years making them irrelevant, and Buckley handled Title I funds, not Title II funds, which are the funds in question in Plaintiff's Complaint". Id., ¶4.[3] *See also* Plea Agreement United States of America v. Debbie Buckley, 16-cr-36 [3], ¶4.

### DISCUSSION

"Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . . [E]ven in the discrimination context, a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment." Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997). "An opposing party's facts must be material

---

[3] "The purpose of this subchapter [Title I] is to provide all children significant opportunity to receive a fair, equitable, and high-quality education, and to close educational achievement gaps." 20 U.S.C.§6301.

and of a substantial nature, not fanciful . . . speculative, nor merely suspicions." Contemporary Mission, Inc. v. U.S. Postal Service, 648 F.2d 97, 107 n. 14 (2d Cir. 1981).

"[C]omplaints containing only conclusory, vague, or general allegations, of conspiracy . . . cannot withstand a motion to dismiss . . . . And it is clear that a plaintiff cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his complaint, and amplifying them only with speculation about what discovery might uncover." Id., p. 107.

"A party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing . . . what facts are sought to resist the motion and . . . how those facts are reasonably expected to create a genuine issue of material fact." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003). Therefore, a request for additional discovery "cannot be relied upon to defeat a summary judgment motion where the result of a continuance to obtain further information would be wholly speculative". Contemporary Mission, 648 F.2d at 107.

Applying these principles, plaintiff has failed to satisfactorily rebut the District's showing that the Title II funding was not specific to particular teachers and that it did not know plaintiff before this litigation was commenced. Nor has plaintiff satisfactorily explained why the discovery which she seeks could reasonably be expected to create a genuine issue of material fact. Therefore, I conclude that the District is entitled to summary judgment.

## CONCLUSION

For these reasons, I recommend that the District's renewed motion for summary judgment [123] be granted, and that the Complaint be dismissed. Unless otherwise ordered by District Judge Geraci, any objections to this Report and Recommendation must be filed with the clerk of this court by August 26, 2019.  Any requests for extension of this deadline must be made to Judge Geraci.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  August 8, 2019

                                              /s/ Jeremiah J. McCarthy
                                              JEREMIAH J. MCCARTHY
                                              United States Magistrate Judge