UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHELLONNEE B. CHINN,

Plaintiff,

Case # 15-CV-938-FPG

v.

DECISION AND ORDER

THE ELMWOOD FRANKLIN SCHOOL, et al.,

Defendants.

## INTRODUCTION

*Pro se* Plaintiff Shellonnee B. Chinn brings this case for alleged discrimination and retaliation that she encountered during her employment as a teacher at the Elmwood Franklin School in Buffalo, New York. ECF No. 1. The Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for pretrial matters and to hear and report upon dispositive motions for the Court's consideration pursuant to 28 U.S.C. §§ 636(b)(1)(B), (C). ECF Nos. 72, 159.

On July 10, 2018, the Buffalo Public Schools District—the only remaining Defendant in this case—moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 123. On August 8, 2019, Judge McCarthy issued a report and recommendation ("R&R") in which he recommends that the Court grant the District's motion and dismiss this case. ECF No. 237. Judge McCarthy also found that Plaintiff was not entitled to additional discovery. *Id.*

Plaintiff objected to the R&R on August 26, 2019. ECF No. 239. For the reasons that follow, the Court adopts Judge McCarthy's R&R, grants the District's summary judgment motion, and dismisses this case with prejudice.

## BACKGROUND

In Plaintiff's 32-page Complaint that contains 160 paragraphs, she asserts numerous causes of action against the District: race, sex, and age discrimination; deprivation of her rights under the

Fourth, Fifth, Sixth, and Fourteenth Amendments, 42 U.S.C. §§ 1982, 1983, and 1985, and the New York State Human Rights Law; retaliation; intentional and negligent infliction of emotional pain; and breach of contract. ECF No. 1 at 16-31.[1]

Despite the length of her submission and the amount of claims she asserts against the District, her allegations against it are scant. She alleges only that the District (1) administers and manages federal Title II funding[2] given to Elmwood Franklin to support faculty development; (2) denied Plaintiff funds due to her race, sex, and age; and (3) conspired with Elmwood Franklin to retaliate against her for filing a complaint with the Equal Employment Opportunity Commission. *Id.* ¶ 79, 80-82, 133-38.

The District argues that it is entitled to summary judgment because it does not own, operate, fund, or control the Elmwood Franklin School; instead, its roll in administering Title II funds to Elmwood Franklin is purely ministerial and therefore it could not have discriminated against Plaintiff as she alleges. ECF No. 123-2.

In support of its motion, the District submitted an affidavit from the administrator of its Title II funds. ECF No. 123-3. That individual affirmed that they sometimes, but often do not, know the names of the teachers who will receive funds at the schools within the City of Buffalo; that Elmwood Franklin's paperwork did not specify Plaintiff as a funds recipient during the relevant period; that the District does not receive school staff rosters with information about the teachers' race, sex, or age and did not receive this information about any Elmwood Franklin teachers; and that, before this lawsuit, District staff did not know about Plaintiff. *Id.* The District

---

[1] Plaintiff initially filed four lawsuits that the Court merged into this case. ECF No. 69. Plaintiff named the District as a Defendant in one other case, *Chinn v. The Elmwood Franklin School, et al.*, Case # 15-CV-964-FPG. The allegations and causes of action set forth against the District in that case are the same as those set forth in this case.

[2] Title II, among other things, is designed "to provide grants to State educational agencies and subgrants to local educational agencies to . . . increase the number of teachers, principals, and other school leaders who are effective in improving student academic achievement in schools." 20 U.S.C. § 6601.

maintains that it could not have discriminated against Plaintiff because it did not know her, let alone know of any protected classifications that might apply to her.

In response, Plaintiff relies on the allegations contained in her Complaint, provides no evidentiary support, and makes other conclusory statements without any factual or legal basis. ECF No. 228. She also asks to depose six individuals and obtain other documents without describing the specific facts she seeks to defeat summary judgment and how that information is reasonably expected to create a genuine issue of material fact. ECF No. 225.

## DISCUSSION

When a party makes specific objections to portions of a magistrate judge's R&R, the district court reviews those portions *de novo*. Loc. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). An objection must "specifically identify" the portions of the R&R to which the party objects, provide a "basis for each objection," and "be supported by legal authority." Loc. R. Civ. P. 72(b). A party who files objections to an R&R "must include . . . a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the magistrate judge." Loc. R. Civ. P. 72(c).

When a party only generally objects to an R&R and does not make specific written objections, "the district court may adopt [the R&R], as long as the factual and legal bases supporting the findings and conclusions . . . are not clearly erroneous or contrary to law." *Cordero v. Miller*, No. 1:15-CV-383-JJM-MAT, 2018 WL 3342573, at *4 (W.D.N.Y. July 9, 2018) (quotation marks and citations omitted). After conducting the appropriate review, the district court "may accept, reject, or modify, in whole or in part" the magistrate judge's R&R. 28 U.S.C. § 636(b)(1)(C).

Plaintiff's objections do not comply with the requirements of Local Rule 72(b). Instead, she makes general objections that are not supported by legal authority, and she does not certify that her objections do not raise new arguments. Because Plaintiff has only generally objected to Judge McCarthy's R&R, the Court analyzed it under a clear error standard.

After conducting this analysis and considering the relevant submissions, the Court finds no clear error in Judge McCarthy's findings or recommendations or on the face of the record. *See Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) ("When performing such a 'clear error' review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (quotation marks omitted). Specifically, there is no genuine dispute as to whether the District could have discriminated or retaliated against Plaintiff or otherwise violated her rights, because it did not know who she was before this lawsuit or have any information about any protected classifications that might apply to her. Plaintiff's assertions to the contrary are conclusory and lack evidentiary support, and are therefore insufficient to defeat summary judgment. Accordingly, the Court adopts the R&R in its entirety.

## CONCLUSION

The Court accepts and adopts Judge McCarthy's R&R (ECF No. 237), grants the Buffalo Public Schools District's summary judgment motion (ECF No. 123), and dismisses this case with prejudice. The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 9, 2019
      Rochester, New York

                                      HON. FRANK P. GERACI, JR.
                                      Chief Judge
                                      United States District Court